IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SIERRA WHITE**                                                                       **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 1:20-CV-187-GHD-DAS**

**TONY ROGERS, HENRY RANDLE, CHAZ THOMPSON,**
**EDWARD HAYES, AND KEVIN CROOK**                        **DEFENDANTS**

**CONSOLIDATED WITH**

**SIERRA WHITE**                                                                       **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 1:20-CV-188-GHD-DAS**

**KEVIN CROOK, HENRY RANDLE,**
**UNKNOWN HOWARD AND CHAZ THOMPSON**                   **DEFENDANTS**

## ORDER IMPOSING SANCTIONS

      The plaintiff, Sierra White, filed these consolidated actions based on events that occurred at the end of August and the first part of September 2020. On August 29, 2020, officers with the Monroe County Sheriff's Department and the Aberdeen Police Department came to the business and searched the premises and her customers. White was arrested for possession of marijuana and alleges the landlord came onto the business premises on September 2, 2020 and padlocked the building. She alleges that on the following day her landlord came to the business with the Aberdeen police and attempted to shut the business down and evict her.

      Because White seeks damages for wrongful prosecution pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), the court stayed the action pending the final resolution of the outstanding

criminal charges against the plaintiff. Because those charges remained outstanding for several years, this court administratively closed the case, reopening it in late June 2023, after the plaintiff was acquitted on the criminal charges.

On September 11, 2023, the court held the telephonic case management conference and entered its case management order. The defendant, Kevin Crook, served his first set of interrogatories, request for production of documents, and requests for admissions on September 19, 2023. The municipal defendants served their first set of interrogatories and request for production of documents on behalf of defendants Haynes and Thompson, on October 9, 2023. The plaintiff did not timely respond to these discovery requests nor did she make her initial disclosures. She also did not request any extension of time to respond.

On December 22, 2023, the plaintiff served responses to the Crooks interrogatories, but no other discovery. On January 5, 2024, the court held the status conference to address the outstanding discovery. Following the conference, the court entered an order noting the failure of the plaintiff to provide pre-discovery disclosures and to respond to the requests for production of documents and interrogatories. The court ordered the plaintiff to provide responses to all outstanding discovery and serve pre-discovery disclosures not later that January 12, 2024. All documents were to be produced within the same time frame. In the event the plaintiff failed to meet this deadline, the defendants would have leave to file motions to compel. The order notes, "If the court grants motions to compel discovery because of her failure to respond to discovery and to provide pre-discovery disclosure, the court anticipates that it will almost certainly have to impose sanctions requiring the plaintiff to pay attorney fees and expenses incurred in the filing of the motions."

When the ordered discovery was not provided, Thompson and Haynes moved to compel, and Crook joined in that motion. On February 21, 2024, plaintiff's counsel attempted to serve notice of service of the initial disclosures, but no response was filed to the motion to compel.

On February 28, 2024, the court entered its order directing the plaintiff to complete her discovery responses not later than March 7, 2024. She was also required to show cause for her failure to timely comply with the required discovery by March 7, 2024. The plaintiff was warned that further failure to comply might result in dismissal of the action.

In the response to the show cause order, the plaintiff argued that she complied with the court's order and provided the ordered discovery. However, the court notes that the initial pre-discovery disclosures were due before the case management conference in September 2023, and provided on February 21, 2024.

Because no notice of service of the responses to the defendants' other discovery requests was filed, the court does not know when those responses were served or whether any documents were produced. Responses to Crook's discovery was due October 19, 2023, and responses to Haynes and Thompson was due November 8, 2023.

As to the request for sanctions, White has offered no reason on the record for her responding late. White asks to be excused from sanctions arguing her delay was not done for evasive or malicious purposes, but that is not the applicable standard. White failed to comply with the court's order of January 5, 2024 requiring complete responses and production of documents not later than January 12, 2024. Consequently, the court has little discretion but to impose the requested sanctions. Rule 37 (a)(5)(A) requires the court to order payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees…." The only pertinent exceptions occur when the non- disclosure, response or objection was

substantially justified, or other circumstances make an award of expenses unjust. Fed.R.Civ.P. 7(a)(5)(A)(ii-iii). Because no exceptions apply in this case the court finds that sanctions in the form of attorney fees incurred in obtaining this discovery must be imposed.

**IT IS, THEREFORE, ORDERED** that the plaintiff and her attorney shall be jointly and severally liable for the payment of reasonable attorney fees and expenses incurred in connection with the above discovery dispute and motion to compel. The defendants shall submit proof of the attorney fees and any other expenses incurred within fourteen days of this order. The plaintiff may file any objection to the reasonableness of the requested fees and expenses within fourteen days of the defense filing. Defendant's may reply within seven days thereafter.

**SO ORDERED** this the 3rd day of September, 2024.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**