UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SIERRA WHITE                                                                                          PLAINTIFF

v.                                                                        Civil Action No. 1:20-CV-187-GHD-DAS

TONY ROGERS, HENRY RANDLE, CHAZ THOMPSON
EDWARD HAYES, and KEVIN CROOK                                                                      DEFENDANTS

Consolidated with

SIERRA WHITE                                                                                          PLAINTIFF

v.                                                                        Civil Action No. 1:20-CV-188-GHD-DAS

KEVIN CROOK, HENRY RANDLE,
UNKNOWN HOWARD and CHAZ THOMPSON                                                                   DEFENDANTS

## OPINION

Presently before the Court is Defendants Chaz Thompson and Edward Haynes's ("Defendants") Motion for Judgment on the Pleadings [Doc. No. 104, in 1:20-cv-187] which seeks the dismissal of a Fourth Amendment false arrest claim, a First Amendment retaliatory arrest claim, and state law claims of false imprisonment and intentional infliction of emotional distress. While unclear from Plaintiff's Complaint [1, in 187], Defendants assume they are sued in both their individual and official capacities [105, in 187]. This Court does the same and conducts the appropriate analysis for each. For the reasons set forth below, the Court finds the motion should be granted.

## I.     *Background*

Plaintiff filed two separate actions against several defendants. The first action—identified as Civil Action No. 1:20-cv-187—concerns Plaintiff's eviction from her place of business while the second action—identified as Civil Action No. 1:20-cv-188—concerns Plaintiff's later arrest [105, in 187]. For approximately seven years, Plaintiff owned and operated a business in Aberdeen, Mississippi, utilizing a rented building owned by Mr. Tony Rogers [1, in 187]. On August 28, 2020, Rogers allegedly informed Plaintiff she had seventy-two hours to vacate the premises due to the possibility of the building's sale [*Id.*]. Later, on September 2, 2020, Rogers, accompanied by a police officer, allegedly entered the premises and "placed locks on the upper level of [Plaintiff's] business" returning the next day "to shut down [her] business" [*Id.*]. She subsequently filed suit against several defendants in Civil Action No. 1:20-cv-187.

On the evening of August 29, 2020, officers from the City of Aberdeen Police Department and the Monroe County Sheriff's Department entered and searched Plaintiff's place of business [113, in 187]. Plaintiff contends the officers did so "absent any warrant or any notice and [began] to issue threats about shutting down the establishment" [1, in 188]. However, in the Final Order [105-1, in 188] from the Plaintiff's Monroe County Circuit Court appeal of her municipal court charges, it is noted, Plaintiff "requested crowd control from the Aberdeen Police Department at her place of business."[1] That Order [*Id.*] goes on to state the officers "smelled a 'strong odor' of marijuana" before entering the building where they "performed 'pat-down' searches . . . [,] saw a small bag of marijuana in plain view," and found another small bag of marijuana on a shelf "in a small room towards the back of the building." These discoveries led to

---

[1] The Court may take judicial notice of matters of public record, including judicial records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). This Court may also take judicial notice of other related proceedings over which this Court is presiding. *See infra* Section III.A.

Plaintiffs' arrest on municipal drug charges which were later overturned after she appealed to the Monroe County Circuit Court [*Id.*]. Plaintiff subsequently filed suit against several other defendants in Civil Action No. 1:20-cv-188. Both cases were later consolidated before this Court [12, in 187].

## II.  *Standard of Review*

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

3

at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III. Analysis and Discussion

The Court notes here Plaintiff has failed to plead Defendant Haynes effectuated or participated in her arrest or participated in any of her alleged constitutional violations; therefore, the claims against him must be dismissed. *DeLeon v. City of Dallas*, 141 F. App'x 258, 262 (5th Cir. 2005). However, the Court conducts the appropriate analyses below for the false arrest, retaliatory arrest, false imprisonment, and intentional infliction of emotional distress claims brought against Defendant Thompson.

#### A. False Arrest

The Court begins with the false arrest claim. This claim is a nonstarter because Plaintiff has already admitted in a related proceeding no Fourth Amendment violation exists. Explicitly, she does "not contend that any employee of Monroe County personally deprived [her] of [her] Fourth Amendment Rights" [105-2, in 188]. While generally restricted "to the facts stated in the

4

complaint and the documents either attached to or incorporated in the complaint" when considering motions for judgment on the pleadings, this Court "may also consider matters of which [it] may take judicial notice." *Creamer v. Hicks*, No. 02-30825, 2003 WL 342340, *1 (5th Cir. Feb. 4, 2003) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)). More specifically, "[a] judge may take judicial notice of the record in a prior related proceeding over which he presided." *Id.* (citing *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 240 (5th Cir. 1997); *McDonald v. Blackburn*, 806 F.2d 613, 621 (5th Cir. 1986); *In re Corrugated Container Antitrust Litig.*, 752 F.2d 137, 143 (5th Cir. 1985)). This is also true for cases currently pending before the court. *State of Fla. Bd. of Trustees of Internal Imp. Trust Fund v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975) ("It is not error, furthermore, for a court to take judicial notice of related proceedings and records in cases before that court."); See, e.g., *Nat'l Fire Ins. Co. v. Thompson*, 281 U.S. 331, 336 (1930); *Aloe Creme Labor., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). This Court finds it may properly consider Plaintiff's admission in 1:20-cv-188 because that case is related and currently pending before this Court, there can therefore be no Fourth Amendment violation in this case. As a result, Plaintiff's false arrest claim must be dismissed because it is not facially plausible without an underlying constitutional violation.

### B. Retaliatory Arrest

Plaintiff also brings a retaliatory arrest claim against Defendant Thompson via the First Amendment. To establish her First Amendment rights were violated due to a retaliatory arrest, Plaintiff must plead "(1) [she was] engaged in constitutionally protected activity, (2) the defendant['s] actions caused [her] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant['s] adverse actions

were substantially motivated against the plaintiff['s] exercise of constitutionally protected conduct." *Bailey*, 125 F.4th at 684-85 (quoting *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)) (internal quotation marks omitted). Plaintiff fails on the first prong because she fails to plead what protected activity she was engaged in at the time of her arrest. The closest she has to an actual allegation simply states, "Freedom of Speech threaten," under the "Injuries" section of her Complaint [1, in 187]. This is simply too little for this Court to find Plaintiff's First Amendment retaliatory arrest claim facially plausible. Therefore, finding Plaintiff fails to properly plead which of her First Amendment rights were violated, this claim must be dismissed.

### C. False Imprisonment

We come now to Plaintiff's state law claims and begin with false imprisonment.[2] The Court need not analyze this claim substantively because Plaintiff did not provide the required notice under the Mississippi Tort Claims Act (MTCA). Miss. Code Ann. § 11-46-11. Plaintiff does not dispute this, but argues "she filed this suit *pro se*[,] she was unaware of the 90 day notice required before filing suit[,] the Defendants have had adequate notice of the claim[,] and this should not be a barrier" [113, in 187]. However, the Mississippi Supreme Court has acknowledged "the ninety-day notice requirement under section 11-46-11(1) is a hard-edged, mandatory rule which the Court strictly enforces, and that failure to comply with the ninety-day waiting period *requires dismissal*." *Univ. of Miss. Med. Center v. Aycock*, 369 So.3d 534, 539-40 (Miss. 2023) (citing *Univ. of Miss. Med. Center v. Easterling*, 928 So.2d 815, 820 (Miss. 2006)) (other citations and internal quotation marks omitted) (emphasis added); see also, *Murry v. City of Indianola, Miss.*, No. 4:23-cv-97-DMB-DAS, 2025 WL 978217, *13 (N.D. Miss. March 31,

---

[2] The Court notes at the outset the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

2025). Therefore, Plaintiff's claim for false imprisonment must be dismissed due to her failure to provide the MTCA's required ninety-day notice to Defendants.

### D. Intentional Infliction of Emotional Distress

Plaintiff's second state law claim is intentional infliction of emotional distress ("IIED") which requires Plaintiff prove:

> (1) the defendant acted **willfully or wantonly towards the plaintiff** by committing certain described actions; (2) the **defendant's acts are ones** which **evoke outrage or revulsion in civilized society**; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant.

*Herbert v. Herbert*, 374 So.3d 562, 570-71 (citing *Pointer v. Rite Aid Headquarters Corp.*, 327 So.3d 159, 170-71 (Miss. Ct. App. 2021)) (emphasis in original) (cleaned up). "Mississippi's standard for a claim of [IIED] is 'very high' and focuses 'on the defendant's conduct and not the plaintiff's emotional condition.'" *Id.* at 571.

Plaintiff has only alleged Defendant Thompson arrested her in front of her patrons [113, in 187], and this is simply too little to evoke an IIED claim's protections. Both parties cite *Hughes v. City of Southaven, Mississippi* which clearly notes when proving IIED claims, "Liability has been found only where the conduct has been *so outrageous in character*, and *so extreme in degree*, as to go *beyond all possible bounds of decency*, and to be regarded as *atrocious*, and *utterly intolerable* in a civilized community." Civ. No. 3:18-cv-044-GHD-JMV, 2019 WL 2503959, *5 (N.D. Miss. June 17, 2019) (quoting *Haun v. Ideal Indus., Inc.*, 81 F.3d 541, 548 (5th Cir. 1996)) (internal quotation marks omitted) (emphasis added). Plaintiff's allegations regarding Defendant Thompson's actions cannot satisfy such a high standard; therefore, Plaintiff's IIED claim must also be dismissed.

7

### E. Municipal Liability

The Court finally addresses Plaintiff's official capacity claims against Defendant Thompson. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Estate of Jones v. Grenada Cnty.*, No. 4:20-CV-194-DMB-JMV, 2021 WL 4268277, *4 (N.D. Miss. Sept. 20, 2021) (quoting *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017)) (internal quotation marks omitted) (edits in original). In this case, the appropriate entity is Monroe County due to Defendant's employment with the Monroe County Sheriff's Department. Claims against municipalities, also known as a *Monell* claims,[3] allow plaintiffs in some circumstances to hold municipalities responsible for their injuries in section 1983 actions.

"[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts[,]' and are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) (other citations omitted) (emphasis in original). This then precludes *respondeat superior* claims from Section 1983 actions. Instead, "[s]uccessful *Monell* claims require 'that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *Martinez v. City of Rosenburg*, 123 F.4th 285, 289 (5th Cir. 2024) (citing *Doe v. Burleson Cnty., Tex.*, 86 F.4th 172, 176 (5th Cir. 2023)). It is already established no constitutional violation was properly pled, and nowhere in the record did Plaintiff properly plead an official policy of the City of Aberdeen to support her claim. As a result, this claim too is facially implausible and must be dismissed.

---

[3] *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).

## IV.  Conclusion

For the foregoing reasons, the Court finds Defendants Chaz Thompson and Edward Haynes's Motion for Judgment on the Pleadings [104, in 1:20-cv-187] should be granted and all claims against them dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the ___11th___ day of August, 2025.

_____
SENIOR U.S. DISTRICT JUDGE