UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SIERRA WHITE   PLAINTIFF

v.   Civil Action No. 1:20-CV-187-GHD-DAS

TONY ROGERS, HENRY RANDLE, CHAZ THOMPSON
EDWARD HAYES, and KEVIN CROOK   DEFENDANTS

Consolidated with

SIERRA WHITE   PLAINTIFF

v.   Civil Action No. 1:20-CV-188-GHD-DAS

KEVIN CROOK, HENRY RANDLE,
UNKNOWN HOWARD and CHAZ THOMPSON   DEFENDANTS

### OPINION

Presently before the Court is Defendant Sheriff Kevin Crook's ("Sheriff Crook") Motion for Summary Judgment [Doc. No. 105, in 1:20-cv-188]. This motion [105, in 188] seeks to dismiss section 1983 claims alleging supervisory liability and claims of failure to train or supervise [105, in 188]. While unclear from Plaintiff's Complaint [1, in 188], Sheriff Crook assumes he is sued in both his individual and official capacities [105, in 188]. This Court does the same and conducts the appropriate analysis for each. For the reasons set forth below, the Court finds his motion should be granted.

### *I.* *Background*

Plaintiff filed two separate actions against several defendants. The first action—identified as Civil Action No. 1:20-cv-187—concerns Plaintiff's eviction from her place of business while the second action—identified as Civil Action No. 1:20-cv-188—concerns Plaintiff's later arrest

[105, in 187]. Plaintiff ran a business in Aberdeen, Mississippi, for approximately seven years out of rented building owned by Tony Rogers [1, in 187]. On August 28, 2020, Rogers allegedly informed Plaintiff she had seventy-two hours to vacate the premises due to the possibility of the building's sale [*Id.*]. Later, on September 2, 2020, Rogers, accompanied by a police officer, allegedly entered the premises and "placed locks on the upper level of the business" returning the next day "to shut down [her] business" [*Id.*]. She subsequently filed suit against several defendants in Civil Action No. 1:20-cv-187.

On the evening of August 29, 2020, officers from the City of Aberdeen Police Department and the Monroe County Sheriff's Department entered and searched Plaintiff's place of business [113, in 187]. Plaintiff contends the officers did so "absent any warrant or any notice and begin (sic) to issue threats about shutting down the establishment" [1, in 188]. However, in the Final Order [105-1, in 188] from the Plaintiff's Monroe County Circuit Court appeal of her municipal court charges, it is noted, Plaintiff "requested crowd control from the Aberdeen Police Department at her place of business."[1] That Order [*Id.*] goes on to state the officers "smelled a 'strong odor' of marijuana" before entering the building where they "performed 'pat-down' searches . . . [,] saw a small bag of marijuana in plain view," and found another small bag of marijuana on a shelf "in a small room towards the back of the building." It was upon this information Plaintiff was arrested on municipal drug charges, but those charges were overturned after she appealed to the Monroe County Circuit Court [*Id.*]. Plaintiff subsequently filed suit against several other defendants in Civil Action No. 1:20-cv-188. Both cases were later consolidated before this Court.

---

[1] The Court may take judicial notice of matters of public record, including judicial records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

## *II.     Standard of Review*

Although "'[a] motion for summary judgment cannot be granted simply because there is no opposition,' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015). This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However,

3

a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III. Analysis and Discussion

Defendant Crook invokes qualified immunity to shield himself from the individual capacity claims. "[O]nce a defendant asserts qualified immunity, the plaintiff bears the burden of negating it by showing that (1) the official violated a statutory or constitutional right and (2) the right was 'clearly established at the time of challenged conduct.'" *Bailey v. Ramos*, 125 F.4th 667, 674 (5th Cir. 2025) (citing *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018)) (other citations omitted). Therefore, the Court must first determine whether Plaintiff's constitutional rights were violated.

The record is clear on this point. Based on Plaintiff's own admission in this case [1:20-cv-188], no constitutional violation occurred. Specifically, Plaintiff stated in a response to an interrogatory, "I do not contend that any employee of Monroe County personally deprived me of my Fourth Amendment Rights" [105-2, in 188]. Both supervisory and municipal liability claims require an underlying constitutional violation, and in the absence of such a violation, dismissal is the appropriate disposition. *Wade v. City of Houston*, 110 F.4th 797, 800-01 (5th Cir. 2024) (citing *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017); *Tamez v. Manthey*, 589 F.3d 764, 772 (5th Cir. 2009)). As a result of this admission, no genuine dispute as to any material fact exists. The Court must therefore dismiss Plaintiff's individual and official capacity claims against Sheriff Crook in 1:20-cv-188.

### *IV.* *Conclusion*

Having considered the arguments of both parties, the Court grants Defendant Sheriff Kevin Crook's Motion for Summary Judgment [105, in 188] for the reasons set out in this opinion. Plaintiff's claims against Defendant in 1:20-cv-188 shall be dismissed.

An order in accordance with this opinion will issue this day.

THIS, the \_\_\_11th\_\_\_ day of August, 2025.

_____
SENIOR U.S. DISTRICT JUDGE