UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SIERRA WHITE                                                                    PLAINTIFF

v.                                                      Civil Action No. 1:20-CV-187-GHD-DAS

TONY ROGERS, HENRY RANDLE, CHAZ THOMPSON
EDWARD HAYES, and KEVIN CROOK                              DEFENDANTS

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Presently before the Court is Defendant Tony Rogers's ("Defendant Rogers") Motion to

Dismiss [Doc. No. 136]. Plaintiff Sierra White ("Plaintiff") makes no challenge this motion, and

the response deadline has passed.

For approximately seven years, Plaintiff owned and operated a business in Aberdeen,

Mississippi, utilizing a rented building owned by Defendant Rogers [1]. On August 28, 2020,

Defendant Rogers allegedly informed Plaintiff she had seventy-two hours to vacate the premises

due to the possibility of the building's sale [*Id.*]. Later, on September 2, 2020, Defendant Rogers,

accompanied by a police officer, allegedly entered the premises and "placed locks on the upper

level of [Plaintiff's] business" returning the next day "to shut down [her] business" [*Id.*]. She

subsequently filed suit against several defendants in Civil Action No. 1:20-cv-187. This Court has

previously dismissed [117; 119; 128] all other defendants in this action except Defendant Rogers.

Plaintiff lists "Infliction of emotional Distress, Freedom of Speech threaten, Threats of

being jailed without due process, Monetary loss, [and] obstructing business operations" as her

injuries in this case. Though it is unclear from her Complaint [1] which specific causes of actions

Plaintiff brings against Defendant Rogers, it is clear she cannot bring any of the federal claims

against him because he is not a state actor contemplated under 42 U.S.C. § 1983 or the U.S.

1

Constitution. *Castaneda v. Planet Fitness, Inc.*, No. 24-51017, 2025 WL 1566633, at *1 (5th Cir. June 3, 2025); *Arvie v. Cathedral of Faith Missionary Baptist Church*, No. 24-30759, 2025 WL 1565149, at *5 (5th Cir. June 3, 2025).

To hold a private actor liable under § 1983, "the challenged conduct must be 'fairly attributable to the State,'" and this is accomplished if a plaintiff alleges: "'(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice.'" *Arvie*, 2025 WL 1565149, at *5. Plaintiff fails on both elements because she makes only bald allegations about Defendant Rogers colluding with the former state actor defendants, which does not suffice to prove that element, and she failed to show she was deprived of any constitutional right as evidenced in this Court's prior opinions dismissing the state actors [113; 116]. Therefore, all federal claims against Defendant Rogers must be dismissed.

This leaves pending only state law claims of wrongful eviction, breach of contract, trespass, and intentional infliction of emotional distress against Defendant Rogers, all of which are before this Court solely pursuant to supplemental jurisdiction under 28 U.S.C. § 1367. The Court declines to exercise such supplemental jurisdiction over these claims.

**THEREFORE**, it is hereby **ORDERED** Defendant Rogers's Motion to Dismiss [136] is **GRANTED**, all federal claims against Defendant Rogers are **DISMISSED WITH PREJUDICE**, and the Court **DECLINES TO EXERCISE** supplemental jurisdiction over any remaining state law claims. This case is **CLOSED**.

**SO ORDERED**, this, the 24ᵗʰ day of March, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

2